**LEWIS et al. v. VIRGINIA ENGINEERING CO., Inc.**

**Civ. A. No. 93.**

United States District Court, E. D. Virginia, Newport News Division.

May 23, 1947.

---

Walter E. Hoffman, of Norfolk, and H. Ames Drummond, of Accomac, for plaintiffs.

R. Arthur Jett and Roy L. Sykes, both of Norfolk, for defendant.

HUTCHESON, District Judge.

This case is based upon a complaint filed by Harry R. Lewis, and others, in behalf of themselves and other employees of Virginia Engineering Company, Incorporated, similarly situated, for unpaid overtime compensation and additional sums constituting liquidated damages, attorneys' fees and costs, pursuant to Section 216(b) of 29 U. S.C.A., the Fair Labor Standards Act of 1938, and Executive Order No. 9240, 40 U. S.C.A. § 326 note.

It is alleged that the defendant is a Virginia corporation engaged in the manufacture and production of goods for commerce and the construction of an airport known as the Chincoteague Outlying Airport, in Accomac County, Virginia. It is alleged that the airport and facilities are made from raw materials, substantially all being shipped from points outside the State and is and was an essential instrumentality of interstate commerce, constructed pursuant to emergency conditions existing by virtue of the First War Powers Act, 50 U.S.C.A. Appendix, § 601 et seq. The plaintiffs were employed as watchmen or guards, who also performed numerous other duties in connection with the operation and it is contended they were engaged in interstate commerce. There were allegations to the effect that the functions performed by the plaintiffs were an essential part of interstate commerce and that they worked longer than forty hours per week and were entitled to a greater rate of pay for such time in excess of forty hours.

A motion to dismiss the complaint was filed by the defendant, in which motion it was denied that the plaintiffs were engaged in commerce or in the production of goods for commerce, and setting up, among other defenses, a denial that the plaintiffs were under the control and supervision of defendant or that they were employees of such defendant.

Certain affidavits were filed in support of the motion. From those affidavits the following facts appear:

The defendant entered into a contract with the United States for the construction of an air field. R. C. Biener was Project Manager of the defendant. Commander O. A. Sandquist was the officer in charge of construction and represented the Navy Department on the project. Commander Sandquist employed Gaston A. Fortin and directed him to employ, organize and set up a force of security guards to safeguard the interest and safety of the Navy Department at the location for the period of time the station was under construction. The guards received their instructions from Fortin, or those receiving authority from him. All authority, supervision and control over the guards was exercised by naval personnel and not by the defendant. As a matter of convenience the guards, including the plaintiffs, were placed on the defendant's pay roll, it being considered by the Navy Department more convenient to handle the payment of wages of the guards

888

in that manner. The guards were paid by the defendant at the wage scale authorized by the Officer-in-Charge of Construction. They remained on the pay roll of the defendant until July 15, 1943, when the entire guard force was transferred to Civil Service status.

The question considered is whether the relationship of employer and employee existed between the plaintiffs and the defendant during the period involved.

At the hearing there was some evidence to the effect that the applications for employment signed by the plaintiffs were on forms provided through or by the Virginia Engineering Company. It was contended that by reason of that fact the defendant was estopped to deny that it was the employer. There was no testimony as to the precise language of the application forms but it was shown that the defendant's name was used in connection with them. It was also shown that the forms were prepared or furnished by the Navy Department.

It is my conclusion that under the facts in this case the relationship of employer and employee did not exist between the plaintiffs and the defendant. The plaintiffs were employed and paid by the Government.

It is also my opinion that the defendant is not estopped to deny such employment. In reaching the latter conclusion I may be somewhat influenced by the fact that although it was common knowledge that employees of construction companies were being paid additional compensation for overtime work, for nine months this operation continued. While inquiry was made by certain plaintiffs of some one (a timekeeper or some one at the company's office) with respect to overtime compensation, the plaintiffs did not pursue the subject. They went to no one who really had authority over them. Although they had been employed by Mr. Turlington, who was their superior officer, no inquiry was made of him by the plaintiffs concerning such overtime. In this state of fact it would seem that there is as much estoppel or waiver on the side of the plaintiffs as there is on the side of the defendant.

The motion to dismiss is sustained.